UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:10-CV-00458-JPG-DGW |
| ) | |
| FREEBURG COMMUNITY ) | |
| CONSOLIDATED SCHOOL DISTRICT ) | |
| NO. 70, a corporation, CLARENCE ) | |
| HAEGE, and LAWRENCE MEGGS, ) | |
| ) | |
| Defendants, ) | |

**DEFENDANTS', FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, CLARENCE HAEGE AND LAWRENCE MEGGS, MOTION FOR PROTECTIVE ORDER, OR, IN THE ALTERNATIVE, MOTION FOR IN-CAMERA INSPECTION OF CLOSED MEETING MINUTES/AUDIO RECORDINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES now the Defendants, FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, CLARENCE HAEGE AND LAWRENCE MEGGS, by and through their undersigned attorneys, Hinshaw & Culbertson LLP, and pursuant to Federal Rule of Civil Procedure 26(c) move this Court to enter a Protective Order limited the scope of discovery. In support of their Motion for Protective Order, and Memorandum of Law, Defendants state as follows:

1. Plaintiff seeks verbatim transcripts of closed session meetings of the School Board for Freeburg Community Consolidated School District Number 70.

2. Defendants ask that a protective order be entered preventing Plaintiff from seeking any evidence, written or oral, regarding the closed session meetings of the School Board for Freeburg Community Consolidated School District Number 70, as such evidence, in its

entirety, is protected by the Illinois Open Meetings Act, as well as the federal deliberative process privilege, the attorney-client privilege, as well as work-product privilege.

3. Pursuant to Rule 26(c), Defendants' counsel has, in good faith, conferred with Plaintiff's counsel in an effort to resolve this dispute. Federal Rules of Civil Procedure 26(c); see Defendants' certification attached as Exhibit A.

4. In addition to said minutes being protected by the Illinois Open Meetings Act and the federal deliberative process privilege and the attorney-client privilege, the Defendants' object to the disclosure of said verbatim audio recordings of the closed meetings of the School Board for Freeburg Community Consolidated School District Number 70, as said recordings are irrelevant to any issues related to Plaintiff's Complaint against the Defendants.

5. Therefore, in the alternative, should the Court deny Defendants' Motion for Protective Order, the Defendants respectfully request this Court conduct an in-camera inspection regarding the verbatim audio recordings of Defendants' closed meeting discussions in order to determine whether same is discoverable and/or relevant to Plaintiff's Complaint against the Defendants.

WHEREFORE, for all the foregoing reasons and for the reasons stated in its supporting memorandum of law, Defendants respectfully request that this Court grant their Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## FACTS

In his Complaint, Plaintiff alleges, among other things, that he was the victim of sexual abuse at the hands of Robin Hawkins, a former employee of the Defendant, Freeburg Community Consolidated School District Number 70. Since before the inception of this action, Defendant, Freeburg Community Consolidated School District Number 70 (hereinafter referred to as "FCCSD"), has discussed, at various time and at varying lengths, its strategy regarding Plaintiff's pending claims in federal court. Furthermore, from 1977 to the present, FCCSD has entered into closed session meetings to discuss various topics which are completely irrelevant to Plaintiff's Complaint against the Defendants. Defendants are in possession of verbatim recordings of various closed session meetings from approximately 1983 through the present. In addition to the verbatim recordings, Defendants are in possession of typed minutes reflecting a summary of discussions held during various closed session meetings from approximately 1983 through the present. These closed session verbatim recordings and typed minutes were kept pursuant to the Illinois Open Meetings Act.

In his discovery propounded upon all Defendants, Plaintiff has sought "any and all school board meetings or agendas, whether open or closed to the public" from 1977 through the present. The vast majority of the closed session meeting audio recordings are completely irrelevant and have nothing to do with Plaintiff's Complaint against the Defendants. Other closed session meetings included discussions regarding FCCSD's strategy in defending against Plaintiff's Complaint. Therefore, Plaintiff should be prevented from obtaining the audio recordings of any closed session meetings for several reasons: (1) Any closed session meeting discussions that involved various topics which are completely irrelevant to Plaintiff's Complaint against the Defendants should remain confidential and undiscoverable; (2) Any closed session meeting

discussions that involved FCCSD's strategy in defending against Plaintiff's Complaint are protected under the federal deliberative process privilege and/or attorney-client privilege; and (3) Illinois Open Meeting Act, as a matter of public policy, prohibits disclosure of closed session transcripts.

## ARGUMENTS

Pursuant to Federal Rules of Civil Procedure Rule 26(c), a Court is allowed to limit discovery in many ways, in which the Court can order that "certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters". See F.R.C.P. 26(c)(4). In this case, Plaintiff should be prevented from obtaining any evidence, including written transcriptions, written notes, and/or audio recordings, regarding the Board's discussions during closed session meetings in general, and, in particular, those meetings detailing the Defendants' strategy in defending against Plaintiff's complaint and allegations.

**1.     The Board's Discussions Held During Closed Session Meetings are Protected by the Illinois Open Meetings Act.**

The Illinois legislature has explicitly addressed the issue of discoverability of the closed meeting discussions held by a Board. According to the Illinois Open Meetings Act, a "verbatim record of a meeting closed to the public shall not be open for public inspection or subject to discovery in any administrative or judicial proceeding other than one brought to enforce this Act". See **5 ILCS 120/2.06(e)**. The plain language of the Illinois Open Meetings Act prohibits disclosure of verbatim records from closed meetings in judicial proceedings such as the one at hand. To require the production of these closed session meeting discussions would completely nullify the specific language, as well as the intent and purpose, of the Act.

4

Illinois Courts have repeatedly recognized that compelling disclosure of verbatim record from closed sessions would contravene the purposes of the Illinois Open Meetings Act, as well as the Freedom of Information Act.  See **Copely Press, Inc. v. Bd. of Educ. of Peoria Sch. Dist.**, 834 N.E.2d 558, 562, 359 Ill.App.3d, 321, 325 (3rd Dist., 2005).  The Courts have reasoned that the purpose behind the confidentiality and non-discoverability of these closed meeting records is to protect the strategic, frank discussions of the Board regarding its decision-making process.  Id.  If such information is discoverable in spite of the language of this statute, one must ask why a Board should bother going into closed sessions at all?  The entire purpose of the Illinois Open Meetings Act is frustrated if all a person wishing to know what was discussed in closed session meeting has to do is file a Federal lawsuit and request a copy of the closed session record.

In this case, Plaintiff seeks verbatim audio recordings of Defendant's, FCCSD, closed session meetings.  These discussions are confidential and protected from disclosure by the Illinois Open Meetings Act.

Based upon the Illinois Open Meetings Act, the Plaintiff is not entitled to the record of any of Defendants' closed session meetings.  Wherefore, the Defendants respectfully request this Court enter an Order granting its request for Protective Order over any written and/or oral record of Defendants' closed meeting sessions.

**2.**	**The Deliberative Process Privilege Protects discussions Held During Closed Session Meetings**

The deliberative process privilege protects communications which are part of the decision-making process of a governmental agency.  See **Evans v. City of Chicago**, 231 F.R.D. 302, 315-316 (N.D. Ill., 2005).  The deliberative process privilege exempts from discovery documents revealing "advisory opinions, recommendations and deliberations comprising part of

5

the process by which governmental decisions and policies are formulated." **Id**. The primary rationale underlying this privilege is that "effective and efficient governmental decision making requires a free flow of ideas among governmental officials and that inhibitions will result if officials know their communications may be revealed to outsiders". See **Bobkoski v. Bd. of Educ. of Cary Consol. Sch. Dist. 26**, 141 F.R.D. 88, 91 (N.D. Ill., 1992).

The deliberative process privilege extends to evidence that is both "pre-decisional" and "deliberative". See **Evans**, 231 F.R.D. at 316. To determine whether this privilege applies, Courts must determine: (1) whether the government has shown that the privilege applies and (2) whether the party seeking the protective information has mets its burden of showing it has a particularized need for the documents. **Id**. In essence, the Court must "balance the need for truth against the importance of the relationship or policy sought to be furthers" as well as the "likelihood that recognition of the privilege will in fact protect that relationship". See **Bobkoski**, 141 F.R.D. at 93. While this privilege derives from federal common law, it also applies to state entities and agencies. **Id**. at 92.

In **Bobkoski**, the Court was forced to address a discovery dispute over a school board's litigation strategy discussions, just as in this case. The plaintiff in Bobkoski sought the production of all notes taken by school board members pertaining to plaintiff and/or plaintiff's employment related matters. Upon review, the Court found that such a request was seeking the Board's "strategy discussions and determinations with respect to plaintiff's discrimination complaints or lawsuit". See **Id**. at 90. The Court held that such a request was clearly protected by the deliberative process privilege. In refusing to require the production of such notes, the Court went on to find that, "many other types of trial related strategy [including discussion of settlement among board members] necessarily involve a governmental entity's deliberative

6

process whereby the entity's members review and select among various options presented". **Id**. at 93. The Court further noted that the "value of such strategic discussions depends upon the open and frank recommendations and opinions that the deliberative process privilege attempts to foster". **Id**.

In this case, any discussions during closed session meetings regarding Plaintiff's Complaint and/or the anticipation of Plaintiff's litigation, should be protected by the deliberative process privilege. Allowing Plaintiff to become privy to the Board's discussions in anticipation and about the litigation during closed session will give Plaintiff an unfair advantage and insight into the Board's strategy regarding his lawsuit. Such a breach of the confidentiality afforded the Board would have a serious chilling effect on future Board discussions, as it would undoubtedly inhibit future board members from having frank discussions about other litigation matters. As the Court in **Moorhead** found, "Without frank, confidential discussions between [governmental entities], crucial decisions may be made without insufficient knowledge or inadequate advice". See **Moorhead v. Lane**, 125 F.R.D. 680, 685 (C.D. Ill., 1989).

Therefore, as frank and confidential discussions are imperative to the proper functioning of closed school board sessions, the application of the deliberative process privilege to the Board's discussions in general, and in this instant action in particular, Plaintiff's request for the verbatim audio recordings regarding FCCSD's closed session meetings should be denied.

### 3. Portions of any audiotapes involving counsel's legal advice, and Board members' discussions and/or inquiries based upon same, are privileged under the Attorney-Client Privilege.

Legal counsel was present for many, if not all, of the closed session meetings. During these meetings, the Board sought legal advice relating to pending or anticipated litigations, including, but not limited to, Plaintiff's Complaint in this matter. Communications from an

7

attorney to a client are privilege if the statements reveal, directly or indirectly, the substance of a confidential communication by the client. See **Ohio-Sealy Mattress Mfg. Co. v. Kaplan**, 90 F.R.D. 21, 28 (D.C. Ill., 1980). This privilege extends to situations where an attorney is giving advice concerning the legal implications of conduct. See **Wilstein v. San Tropai Condominium Master Association**, 189 F.R.D. 371, 379 (N.D. Ill., 1999). In general, any time an attorney provides legal advice in his capacity as a legal advisor, the attorney-client privilege will attach. See **Great Plains Mutual Ins. Co. v. Mutual Reinsurance Bureau**, 150 F.R.D. 193, 197 (D. Kan., 1993). (holding recognized by **Wilstein**, 189 F.R.D. at 379).

In this case, there are a multitude of conversations wherein it is understood that the purpose of the communications between the attorney and the Board was to review and consider legal issues pertaining to pending litigation. Furthermore, it was not only Plaintiff's pending litigation, but other types of litigation which are completely irrelevant to Plaintiff's Complaint. As the attorney was acting in his capacity as an attorney during the relevant portions of the closed session meetings and, furthermore, that he was giving advice requiring the skill and expertise of an attorney, these portions of the board meetings are protected from discovery.

Therefore, as the conversations among various board members discuss the attorney's legal advice, as well as conversations amongst the board members and their attorney about potential litigation risk and legal strategy are privileged under the attorney-client privilege, the Defendants respectfully request this Court enter an Order preventing the disclosure of the verbatim audio recordings of Defendants' closed session meetings.

## **CONCLUSION**

For the reasons set forth above, Defendants request that this Court grant its motion for protective order because the information Plaintiff seeks to obtain through discovery is exempt

from disclosure under the Illinois Open Meetings Act, the deliberative process privilege, and the attorney-client privilege. In the alternative, the Defendants respectfully request this Court conduct an in-camera inspection of said verbatim audio recordings of Defendant's closed session meetings in order to determine if any of same are relevant to this matter and to determine if any portions of same are protected by the attorney-client privilege and should be redacted.

                Respectfully Submitted,

        By: s/Heidi L. Eckert
            Hinshaw & Culbertson LLP
            521 West Main Street
            Suite 300
            P.O. Box 509
            Belleville, IL 62222-0509
            Phone: 618-277-2400
            Fax: 618-277-1144
            E-mail: heckert@hinshawlaw.com
            Attorney Bar Number # 06271612

Heidi L. Eckert - 06271612
Michael L. Wagner - 06256818
Hinshaw & Culbertson LLP
521 West Main Street
Suite 300
P.O. Box 509
Belleville, IL 62222-0509
Phone: 618-277-2400
Fax: 618-277-1144
Attorneys for Defendants, Freeburg Community Consolidated School District No. 70, a corporation, Clarence Haege and Lawrence Meggs

10484000v1 0915359 69879

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 12, 2011, I electronically filed **DEFENDANTS', FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, CLARENCE HAEGE AND LAWRENCE MEGGS, MOTION FOR PROTECTIVE ORDER, OR, IN THE ALTERNATIVE, MOTION FOR IN-CAMERA INSPECTION OF CLOSED MEETING MINUTES/AUDIO RECORDINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

J. Brian Manion
J. Michael Weilmuenster
Weilmuenster Law Group PC
3201 West Main Street
Belleville, IL 62226
618-257-2222
Fax: 618-257-2030
Email: jbm@weilmuensterlaw.com
   jmw@weilmuensterlaw.com
*Attorneys for Plaintiff*


        BY     s/Heidi L. Eckert

10484000v1 0915359 69879

## **CERTIFICATE**

Heidi L. Eckert, hereby certifies that:

    1.    I am one of the attorneys for the Defendants in this matter.

    2.    On several occasions, including March 4 and April 11, 2011, I called the attorney for Plaintiff, Michael Weilmuenster, and discussed my objections to Plaintiff's request to produce the verbatim transcripts of any closed sessions of the School Board of Freeburg Community Consolidated School District Number 70.  After several discussions, no agreement was reached on this issue.

        By:  s/Heidi L. Eckert
              Hinshaw & Culbertson LLP
              521 West Main Street
              Suite 300
              P.O. Box 509
              Belleville, IL 62222-0509
              Phone: 618-277-2400
              Fax: 618-277-1144
              E-mail: heckert@hinshawlaw.com
              Attorney Bar Number # 06271612