UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   3:10-CV00458-JPG-DGW |
| | ) | |
| FREEBURG COMMUNITY | ) | |
| CONSOLIDATED SCHOOL DISTRICT | ) | |
| NO. 70, a corporation, CLARENCE | ) | |
| HAEGE, and LAWRENCE MEGGS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' ALTERNATIVE MOTIONS
FOR PROTECTIVE ORDER AND IN-CAMERA INSPECTION
OF CLOSED MEETING MINUTES/AUDIO RECORDS**

COMES now the Plaintiff, JOHN DOE, by and through his attorneys the Weilmuenster Law Group, P.C., and in response to Defendants' alternative motions for a protective order limiting the scope of discovery and in-camera inspection of closed meeting minutes/audio recordings states as follows:

1. On October 15, 2010, Plaintiff directed his First Set of Interrogatories and Requests for Production on Defendants, seeking in part any minutes and/or audio recordings from meetings of the board of education (from any session whether open or closed) from 1977 (the year that Robin Hawkins became employed by the Defendant School District) to the present.

2. Defendants disclosed and provide to Plaintiff copies of minutes of open meetings from 1977 to present without regard to the relevance of the documents.

3. Recently, Defendants disclosed that they are in possession of verbatim recordings of various closed session meetings from approximately 1983 through the present. In addition to the verbatim records, Defendants are in possession of typed minutes reflecting a summary of discussions held during various closed session meetings from approximately 1983 through the present.

4. These items were kept pursuant to the Illinois Open Meetings Act and Defendant School District policy.

5. The Illinois Open Meetings Act and Defendant School District policy contain provisions that require public bodies to review the minutes of past closed session minutes and make a determination if there is a continuing need for confidentiality. The Act provides:

> "Each public body shall periodically, but no less than semi-annually, meet to review minutes of all closed meetings. At such meetings a determination shall be made, and reported in an open session that (1) the need for confidentiality still exists as to all or part of those minutes or (2) that the minutes or portions thereof no longer require confidential treatment and are available for public inspection."

5 ILCS 120/2.06

6. Specifically, Defendants object to the disclosure of said items, and specifically argue that Plaintiffs should be prevented from obtaining the audio recordings of any closed session meetings for several reasons: (1) Any closed session meeting discussions that involved various topics which are completely irrelevant to Plaintiff's Complaint against the Defendants should remain confidential and undiscoverable; (2) Any closed session meeting discussions that involved FCCSD's strategy in defending against Plaintiff's Complaint are protected under the federal deliberative process privilege and/or attorney-client privilege; and (3) Illinois Open Meeting Act, as a matter of public policy, prohibits disclosure of closed session transcripts.

7. That due to the explicit nature of this action, Magistrate Judge Wilkerson issued a Protective Order on October 27, 2010, protecting the confidentiality of Plaintiff and other alleged victims of sexual abuse.

8. Despite Defendants' broad objections to the contrary, the discussions of the School Board regarding reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports, are relevant to the extent that they evidence knowledge on the part of a school district official with the authority to take corrective action in accordance with the Plaintiff's claims, including but not limited to those arising under Title IX and § 1983.

9. Defendants contend that there are included in the closed session minutes, a multitude of conversations relating to subjects irrelevant to Plaintiff's claims.

10. The existence of irrelevant material is immaterial to the discoverability of those portions of the requested items that are discoverable and relevant to Plaintiff's claims. The minutes of the open meetings previously produced by Defendants also contained large portions of text irrelevant to Plaintiff's claims.

11. Defendants contend that "[s]ince before the inception of this action, Defendant FCCSD has discussed, at various time and at varying lengths, its strategy regarding Plaintiff's pending claims in federal court."

12. Defendants admission that Defendant FCCSD discussed Plaintiff's claims *before inception of this action* begs the question of when and how Defendants became aware that Plaintiff was abused by Robin Hawkins, and further, what response they took in light of this knowledge.

13. Despite Defendants' broad objects to the contrary, the discussions of the School Board regarding reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports are not fundamentally protected from discovery under the privilege set forth by the Illinois Open Meetings Act, Deliberative Process privilege and Attorney-Client privilege.

**Illinois Open Meetings Act**

14. The policy underlying the privilege of the Illinois Open Meetings Act is to promote frank discussion of legal and policy matters. *Memorial Hosp. for McHenry County v. Hon. Milton I. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981).

15. The privilege memorialized in the Illinois Open Meetings Act does not exist in the federal common law. *Kodish v. Oakbrook Terrace Fire Protection Dist. et al*, 235 F.R.D. 447, 451 (N.D. ILL. 2006);

16. Claims arising under federal law are guided by principles of federal common law; however a federal court may apply the privilege if the "importance of the policy furthered by the privilege outweighs the need for truth." *Sandholm v. Dixon Public School Dist. No. 170*, 2010 WL 899032 at *2.

17. Plaintiff demonstrates a particularized need for the discussions that the Defendants seek to protect under the Illinois Open Meetings Act. The information discussed in the closed meetings regarding reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports, if any, may prove knowledge on the part of the officials in the school district,

affirmative acts or inaction in response to such reports and the reasonableness of the actions taken in response to claims of sexual abuse and harassment.

18. The existence and disclosure of such information is essential to maintaining the actions set forth in Plaintiff's Compliant.

19. In their arguments, Defendants pose the question, "[i]f such information is discoverable in spite of the language of this statutes, one must ask why a Board should bother going into closed sessions at all?"

20. The Illinois Open Meetings Act contemplates that information discussed in closed session will be released for public inspection.

21. While the Illinois Open Meetings Act does recognize the need and grants the right to close a meeting to the public, the Act also recognizes that the need for confidentiality does, at some point, extinguish as evidenced by the above-cited portion requiring public bodies to review closed session minutes at least semi-annually to determine if the need for confidentiality still exists.

22. Defendants have not established that they have even complied with the Illinois Open Meetings Act and the mandatory semi-annual review and release of closed session minutes no longer in need of confidentiality.

**Deliberative Process Privilege**

23. The Deliberative Process Privilege protects communications that are part of the decision-making process of a governmental agency. United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege only apples to "pre-decisional" and "deliberative" matters. *Sandholm*, 2010 WL 899032 at *3. Communications are considered "pre-decisional" if the information was

generated before the adoption of an agency policy, and "deliberative" if they involve the give and take of the consultative process. *Id.*

24. Courts apply a two step-inquiry to determine of the information is protected from disclosure under the privilege. *Id.* First, the governmental agency must show that the privilege applies. *Id.* If the privilege applies, the court will still order disclosure if the plaintiff demonstrates a "particularized need" that outweighs the defendant's need for confidentiality. *Id.*

25. Defendants argue that like *Bobskoski v. Bd of Educ. Of Cary Consol. Sch. Dist. 26*, 141 F.R.D. 88, 91 (N.D.Ill. 1992), there exists a discovery dispute over a school board's litigation strategy discussions.

26. Plaintiff has requested disclosure of the closed meeting transcripts for purposes of determining: (1) knowledge of reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports; (2) affirmative acts or deliberate inaction of Defendants; and (3) the reasonableness of the Defendants' response in light of the known circumstances, not to discover "strategy discussion and determinations with respect to plaintiff's discrimination complaints or lawsuit."

27. Plaintiff's request for disclosure of closed meeting transcripts seeks the disclosure of transcripts that pre-date the filing or existence of the immediate lawsuit and are focused on the school board's official actions in response to reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports.

28. The discussions of the school board in closed meetings regarding action or inaction to be taken in response to reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports are relevant and essential to proving Plaintiff's claims.

29. Lastly, as part of the claims set forth in Plaintiff's Complaint against Defendants, the trier of fact must consider the reasonableness of Defendants' response to reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports.

30. There is a substantial need for discovery into what knowledge Defendants had regarding sexual abuse and harassment, what affirmative action or inaction the School District decided to take in response, and the reasonableness of that response in light of the known circumstances.

31. Plaintiff demonstrates a particularized need that outweighs Defendants' need for confidentiality, as the existence and disclosure of such information is essential to maintaining the actions set forth in Plaintiff's Compliant.

**Attorney-Client Privilege**

32. The attorney-client privilege exists "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

33. The principles of the privilege, as adopted by the Seventh Circuit are the following:

    a. Where legal advice of any kind is sought
    b. From a professional legal adviser in his capacity as such,
    c. The communications relating to that purpose,
    d. Made in confidence

      e. By the client,
      f. Are at his instance permanently protected
      g. From disclosure by himself or by the legal adviser,
      h. Except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997).

34. The mere attendance of an attorney at a meeting does not render everything said or done at that meeting privileged, *Sandholm*, 2010 WL 899032 at *3.

35. Those portions of the closed meetings in which an attorney was not communicating legal advice are not protected by the attorney-client privilege.

36. Plaintiff's request for disclosure of closed meeting transcripts does not necessarily entail an attorney's involvement in all requested material, thus protecting entire transcripts from disclosure.

37. Plaintiff does not contend that he is entitled to portions of meetings that reflect discussions regarding strategy in defending against Plaintiff's Complaint.

38. Defendants fail to distinguish between those portions of the closed session minutes that are covered by the attorney-client privilege and can thus be protected even if the minutes are disclosed and those portions of the closed meeting that do not fall under the attorney-client privilege.

WHEREFORE, Plaintiff's request for disclosure is essential and relevant to establish the administrative and legislative history of school district action in response to reports, confirmed or unconfirmed, of misconduct, abuse, exploitation or harassment by any district agent, servant or employee, including but not limited to reports of a sexual nature, and discussions regarding district policies, customs or practices in response to such reports, and as such, Plaintiff respectfully requests that this Court deny Defendants' Motion for Protective Order and Order

that the Defendants make available the requested transcripts for discovery, and for such other relief that the Court deem just and proper.

                Respectfully submitted,

                WEILMUENSTER LAW GROUP, P.C.

                By: /s/ J. Michael Weilmuenster
                    J. Michael Weilmuenster
                    IL No. 6197044

Attorney for Plaintiff
3201 West Main Street
Belleville, Illinois 62226
618.257.2222
618.257.2030