IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-00458-JPG-DGW |
| | ) |
| FREEBURG COMMUNITY | ) |
| CONSOLIDATED SCHOOL DISTRICT, | ) |
| et al., | ) |
| | ) |
| Defendants. | |

**ORDER**

**Background**

In the underlying suit, Plaintiff alleges, among other things, that he was the victim of sexual abuse at the hands of Robin Hawkins, a former employee of the Defendant, Freeburg Community Consolidated School District Number 70 (Doc. 2). Plaintiff further alleges that Defendants were aware of various reports and allegations concerning the sexual misconduct of Robin Hawkins involving other male minor students prior to the time that Mr. Hawkins began sexually abusing Plaintiff. *Id.*

On October 15, 2010, Plaintiff propounded discovery to Defendants seeking any minutes and/or audio recordings from the meetings of the board of education, whether open or closed, from 1977 (the year that Robin Hawkins became employed by the Defendant School District) to the present. Defendants disclosed to Plaintiff copies of the open session board meeting minutes dated 1977 to present, without objection. Defendants, however, objected to the production of verbatim recordings and typed minutes of closed session board meetings dated 1983[1] to the present arguing that the information discussed at the meetings is irrelevant to Plaintiff's claims

---

[1] In their motion, Defendants state that they possess only verbatim recordings and minutes from closed session meetings from 1983 to the present. *See* Doc. 31.

and is protected by the federal common law deliberative process privilege, attorney-client privilege, as well as by the Illinois Open Meetings Act (Doc. 34)

On April 15, 2011, the Court granted Defendants' motion for *in camera* inspection of closed meeting minutes (Doc. 35). Rather than reviewing all closed session meeting minutes from 1983 to the present, the Court directed Defendants to submit a sampling of the closed session board meeting minutes, which consisted of all closed session board meeting minutes that reference any discussion by Defendants regarding Robin Hawkins, and all closed session board meeting minutes from 2004 and 2005. *Id.* Having reviewed the documents and pleadings submitted by the parties, the Court makes the following ruling.

## Discussion

### *Illinois Open Meetings Act*

Defendants assert that the Illinois Open Meetings Act ("OMA") privilege applies to each closed session board meeting from 1983 to the present. The relevant portion of the OMA provides that that, absent the affected public body's consent, "the verbatim record of a meeting closed to the public shall not be open to public inspection or subject to discovery in any administrative of judicial proceeding other than one brought to enforce this Act." 5 ILCS 12/2.06(e). The claims in this case arise under federal law, and thus are governed by the principles of federal common law. Fed. R. Evid. 501. Plaintiff correctly points out that the privilege memorialized in the OMA does not exist in federal common law. *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 451 (N.D. Ill. 2006). However, "[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be done at no substantial cost to federal substantive and procedural policy." *Sronkoski v. Schaumburg Sch. Dist., No. 54*, No. 08 C 271, 2009 WL 1940779, *3

(N.D. Ill. July 1, 2009) (citing *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981)). In *Memorial*, the Seventh Circuit instructed district courts to "weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case." 664 F.2d at 1062-63.

The Court recognizes the policy underlying the OMA is to promote frank and candid discussions of legal and policy matters. *Memorial*, 664 F.2d at 1061; *see also Sandholm v. Dixon Public Sch. Dist. No. 170*, No. 09 C 50119, 2010 WL 899032, *2 (N.D. Ill. March 10, 2010); *Sronkoski*, 2009 WL 1940779 at *13-14. Nonetheless, the Court has carefully weighed the competing interests, and concludes that Plaintiff's need for the evidence contained in the minutes of the closed session board meetings substantially outweighs the policy underlying the OMA. In order for Plaintiff to pursue his claims under §§ 1983, 1985, 1986 and 1988 he must ascertain whether Defendants had knowledge of prior reports of misconduct or abuse of minor students by Robin Hawkins or any other district agent or employee, and how Defendants responded to such reports. Furthermore, these closed session minutes will likely aid in uncovering district policies, customs or practices of the school board in response to reports of misconduct, abuse or harassment. *See Kodish*, 235 F.R.D. at 452-53 (the court declined to recognize the OMA privilege finding that "the interests served by the open meeting privilege are overcome by the need for probative evidence and are adequately protected by the attorney-client privilege"). The Court, therefore, declines to apply the OMA privilege to this action.

### *Federal Deliberative Process Privilege*

Defendants also contend that any closed session meetings regarding Plaintiff's Complaint and/or the anticipation of Plaintiff's litigation are protected by the deliberative process privilege.

"The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *U.S. v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The underlying policy of the privilege is to promote frank discussion of legal and policy matters that are essential to the decision making process of a governmental agency. *Id.* The privilege is not absolute; it "may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality." *Id.*

Courts conduct a two-step inquiry to determine whether the information is protected from disclosure under the privilege. *Sandholm*, 2010 WL 899032 at *3. First, the governmental agency must show that the privilege applies. *Id.* The privilege applies only to "pre-decisional" and "deliberative" matters. *Id.* Communications are pre-decisional if the information was generated before the adoption of an agency policy, and deliberative if they involve the give and take of the consultative process. *Id.* If the privilege applies, the court will order the disclosure if the plaintiff demonstrates a particularized need for the documents that outweighs the defendant's need for confidentiality. *Id.*

The Court finds that the deliberative process privilege applies to those closed session board meeting minutes concerning discussions regarding Plaintiff's legal claims and Defendants' litigation strategy toward those claims. *See Sronkoski*, 2009 WL 1940079 at *2 (concluding that the privilege applied to audio recordings of closed session meetings in which it discussed plaintiff's ADA claims); *Rainey v. Plainfield Community Consolidated Sch. Dist. No. 202*, No. 07 C 3566, 2008 WL 4775975, *4 (N.D. Ill. Oct. 24, 2008)(concluding that the privilege applied to closed session meetings in which plaintiff's allegations of racial discrimination were discussed).

4

Plaintiff, however, has demonstrated a particularized need for these documents. Plaintiff requested the disclosure of the closed session meeting minutes for the purpose of determining what knowledge Defendants had regarding sexual abuse and harassment, what affirmative action or inaction Defendants took in response to such response to any reports, and the reasonableness of that response in light of known circumstances. Given the nature of the claims in this case, the Court finds that Plaintiff's particularized need for these documents outweighs Defendants' need for confidentiality. *See Sronkoski*, 2009 WL 1940079 at *3 (concluding that plaintiff's need for closed session board meeting minutes outweighed defendants' need for confidentiality); *Hartman v. Lisle Park Dist.*, No 01 C 1904, 2002 WL 448999, *1 (N.D. Ill. March 22, 2002) (same).

*Attorney-Client Privilege*

The attorney-client privilege protects confidential communications made by a client to his attorney where legal advice is sought from a professional legal advisor in his capacity as such. *Rehling v. City of Chicago*, 207 F.3d 1009, 1019 (7th Cir. 2009). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (quoting *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990). An assertion of privilege, therefore, must be made on a document-by-document basis. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991).

The principles of the privilege, as adopted by the Seventh Circuit are as follows:

(1) Where legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made

in confidence, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997) (citing 8 John Henry Wigmore, *Evidence in Trials at Common Law § 2292* (John T. McNaughton rev. 1961).

As the party seeking to establish the privilege, Defendants bear the burden of demonstrating all of the elements. *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). Having reviewed the sampling of closed session board meeting minutes, the Court believes that the attorney-client privilege may, in fact, apply to various portions of the minutes. Since the Court must conduct its analysis on a document by document basis, the Court declines to make a determination on whether the attorney-client privilege applies to the portions of the documents at issue until Defendants produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and submit the unredacted documents to the Court for *in camera* review.[2]

## Conclusion

For the foregoing reasons, the Court orders Defendants to produce all closed session meeting minutes dated 1983 to the present by **July 8, 2011**. With respect to those documents which Defendants assert are protected by the attorney-client privilege, Defendants shall submit a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) and submit those documents to the Court for *in camera* review.

**IT IS SO ORDERED.**

**DATED: May 23, 2011**

/s/ Donald Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] Defendants are instructed to redact any portion of the minutes they deem privileged, and produce the redacted documents to Plaintiff.