UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DOE,

    Plaintiff,

v.

FREEBURG COMMUNITY CONSOLIDATED
SCHOOL DISTRICT NO. 70, CLARENCE
HAEGE and LAWRENCE MEGGS,

    Defendant.

Case No. 10-cv-458-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff John Doe's motion for judgment on the pleadings on the defendants' affirmative defenses (Doc. 104). The defendants have responded to the motions (Doc. 118). The Court also considers the defendants' motion for leave to file an amended answer (Doc. 128), to which the plaintiff has responded (Doc. 130).

**I.   Background**

In this case, Doe alleges Robin Hawkins, an employee of defendant Freeburg Community Consolidated School District No. 70 ("District"), groomed or sexually abused him from 1991 to 1996 when he was in elementary school in the District. Defendant Clarence Haege was the school superintendent from 1990-94, and defendant Lawrence Meggs was the assistant superintendent from 1990-94 and the superintendent from 1994-95. Doe claims the defendants knew about Hawkins' similar conduct with other boys prior to his engagement with Doe but failed to report Hawkins to the appropriate authorities and failed to protect Doe from Hawkins. Doe filed this lawsuit in 2010, arguably beyond the statute of limitations.

**II.   Motion for Judgment on the Pleadings (Doc. 104)**

The plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 12(c). He cites

Rule 12(h)(2)(B) as authority to seek judgment on the pleadings for failure to state a legal defense.  He argues he is entitled to judgment on the pleadings on the affirmative defenses of (1) statute of limitations, (2) insufficient pleading of willful and wanton conduct, (3) Illinois school code immunity, (4) Illinois Tort Immunity Act and (5) insufficient pleading of constitutional violation.  He claims they are pled in a conclusory fashion, are otherwise improperly pled and are not valid affirmative defenses.  The defendants disagree.  They also ask the Court to allow them to replead in more detail the affirmative defenses they have asserted.

The plaintiff's motion for judgment on the pleadings is tantamount to a motion to strike insufficient defenses pursuant to Rule 12(f).  Rule 12(h)(2)(B) simply allows such a motion to be filed beyond the deadline set forth in Rule 12(f).  *See* 5C Wright & Miller, *Federal Practice and Procedure*, § 1380 (3d ed. Supp. 2012).

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay.  *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike.  *See, e.g., Smith v. Southern Illinois Riverboat/Casino Cruises Inc.*, No. 06-cv-4069, 2006 WL 2539756, at *1 (S.D. Ill. Aug. 30, 2006); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).  The burden on a motion to strike is upon the moving party.  *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

The Court has reviewed the defendants' affirmative defenses and finds that they are not insufficient either substantively or for failure to plead adequate details.  The basis of the

defenses, although pled without very much factual detail, is clear when considered with the pleadings as a whole.  Furthermore, their existence in the pleadings does not cause the plaintiff any prejudice.

### III.     Motion for Leave to File Amended Answer (Doc. 128)

Additionally, the Court finds it appropriate to allow the defendants to amend their affirmative defenses to add the detail the plaintiff claims they lack.  Because the time for amendment as a matter of right has passed, whether the defendants should be allowed to amend their answer is governed by Federal Rule of Civil Procedure 15(a)(2).  Rule 15(a)(2) provides that a party may amend his pleading only with the opposing party's written consent, which the defendants have not obtained, or leave of court, which the Court should freely give when justice requires.  Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities."  *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997).

Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).  An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128

F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

None of the factors counseling against amendment of the defendants' affirmative defenses is present in this case.  The Court has reviewed the proposed amendments and, contrary to the plaintiff's assertions, finds that they do not assert any new defenses.  They simply plead more detail about why the defendants think they apply.  The plaintiff has been on notice that these defenses were in issue since at least February 2012 when the defendants answered the First Amended Complaint.  In light of the fact that the plaintiff has only recently complained about the lack of detail in the affirmative defenses, the Court cannot say the defendants have unreasonably delayed in amending them.

### IV. Conclusion

For the foregoing reasons, the Court:

- **DENIES** the plaintiff's motion for judgment on the pleadings on the defendants' affirmative defenses (Doc. 104);

- **GRANTS** the defendants' motion for leave to file an amended answer with amended affirmative defenses (Doc. 128); and

- **ORDERS** that the defendants shall have up to and including September 21, 2012, to file their amended pleading.

**IT IS SO ORDERED.**
**DATED: September 12, 2012**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**