UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DOE,

            Plaintiff,

    v.                                            Case No. 10-cv-458-JPG

FREEBURG COMMUNITY CONSOLIDATED
SCHOOL DISTRICT NO. 70, CLARENCE
HAEGE and LAWRENCE MEGGS,

            Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion to exclude the testimony of plaintiff's expert Dr. Daniel Brown, a licensed psychologist, based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny (Doc. 103). Plaintiff John Doe has responded to the motion (Doc. 123). The defendants have asked for a hearing on the motion (Doc. 131). Doe does not object to oral argument but notes that Dr. Brown is not available for an evidentiary hearing prior to the trial date (Doc. 132). The Court also considers Doe's motion to strike new opinions, new sources and a 2012 book chapter authored by Dr. Harrison Pope, a defense expert offering evidence in support of excluding Dr. Brown's testimony (Doc. 110). The defendants have responded to the motion (Doc. 120).

The Court finds the parties have adequately briefed the issue in their written filings and that a hearing, whether to take argument and evidence or argument alone, is not necessary. Accordingly, it will deny the defendants' motion for a hearing on the motion to exclude Dr. Brown's testimony (Doc. 131).

## I.       Background

In this case, Doe alleges Robin Hawkins, an employee of defendant Freeburg Community Consolidated School District No. 70 ("District"), groomed or sexually abused him from 1991 to 1996 when he was in elementary school in the District.  Defendant Clarence Haege was the school superintendent from 1990-94, and defendant Lawrence Meggs was the assistant superintendent from 1990-94 and the superintendent from 1994-95.  Doe claims the defendants knew about Hawkins' similar conduct with other boys prior to his engagement with Doe but failed to report Hawkins to the appropriate authorities and failed to protect Doe from Hawkins.  Doe filed this lawsuit in 2010, arguably beyond the statute of limitations.  Dr. Brown is expected to provide testimony in support of the argument that the statute of limitations did not begin to run at the time of the grooming and sexual abuse but later when Doe remembered the events and discovered he was injured by them.

## II.       Dr. Brown's Opinions

The defendants seek to bar under Rule 702 the testimony of Dr. Brown.  Dr. Brown is expected to testify that there is a recognized psychiatric disorder called "dissociative amnesia," also referred to as "repressed memory," and that dissociative amnesia caused Doe not to remember the alleged acts of grooming and abuse and their impact on him until much later.  The defendants believe Dr. Brown's testimony is inadmissible because the reasoning and methodology used to arrive at his opinion is not scientifically valid or reliable, has not and cannot be tested, and is not generally accepted within the scientific community.  They argue that no published peer-reviewed reports with acceptable methodology support the phenomenon of repressed memory.  They also believe that the testimony should be excluded under Fed. R. Evid. 403 because it is speculative and overly prejudicial.  They point to a number of court cases in

2

which testimony about repressed memory has been found inadmissible (one of which specifically excluded Dr. Brown's testimony) and to peer-reviewed scientific papers that have been skeptical of repressed memory.

In response, Doe argues that Dr. Brown is a licensed psychologist and Harvard Medical School clinical professor who is an expert in dissociative amnesia. He notes Dr. Brown has examined him and has determined that he meets the American Psychiatric Association's diagnostic criteria for dissociative amnesia. The phenomenon of dissociative amnesia is contained in the text revision of the Diagnostic and Statistical Manual of Mental Disorders IV ("DSM-IV-TR"). DSM-IV-TR. He believes the inclusion of dissociative amnesia in the DSM-IV-TR, which is grounded in empirical evidence, strongly supports it as a valid, scientific theory generally accepted by psychologists and psychiatrists. It is also recognized by the American Medical Association, the American Psychological Association and other professional groups. Doe argues that any controversy that exists in the scientific community over dissociative amnesia is about the accuracy of memory, a subject appropriate for cross-examination, not the existence of the phenomenon itself. He also points to numerous published and/or peer-reviewed articles supporting the existence of dissociative amnesia and to numerous courts that have admitted testimony on dissociative amnesia or repressed memory.

III.    **Dr. Pope's New Opinions, Sources and Book Chapter**

As a preliminary matter, Doe asks the Court to exclude new opinions, new sources and a 2012 book chapter authored by Dr. Pope, the defendants' expert who offers testimony in support of excluding Dr. Brown's testimony. Doe claims the new book chapter goes beyond Dr. Pope's opinions disclosed in discovery.

The defendants argue that the new book chapter was not available at the time of their

3

initial disclosures because Dr. Pope only agreed to publish it on November 8, 2011. Additionally, Dr. Pope mentioned it in his January 2012 deposition and disclosed it as one of his publications on May 9, 2012, when he produce his revised CV.  This was well before the June 22, 2012, discovery deadline.  Furthermore, the defendants argue the new book chapter is only an updated and expanded version of Dr. Pope's 2005 version of the same chapter, which was produced in discovery.  They argue Doe will not be prejudiced because Dr. Pope's opinions have not changed but have only been expanded.

Rule 26(a)(2) requires disclosure of expert witnesses and their opinions.  Rule 26(e)(2) requires disclosure of any additions or changes to the information required in the original disclosure by the time the pretrial disclosures under Rule 26(a)(3) are due, which is 30 days before trial unless the Court directs otherwise.  Witnesses who are not disclosed pursuant to Rule 26 cannot be used as at trial unless the failure to disclose them was substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).

The defendants' disclosure of Dr. Pope's new book chapter was timely, and any delay in disclosure was harmless.  The existence of the new chapter was revealed long before the close of discovery and even longer before trial, and the plaintiff's failure to seek further discovery based on any new information in that book chapter within a reasonable time of learning of any new material was at his own peril.

The Court now turns to the primary issue: whether Dr. Brown's testimony is admissible.

**IV.**   ***Daubert***

Admissibility of expert testimony is governed by Rule 702, *Daubert* and its progeny.  In *Daubert*, the Supreme Court held that Rule 702 did not incorporate the "general acceptance" test set forth in *Frye v. United States*, 54 App. D.C. 46 (D.C. Cir. 1923).  Instead, the Court held that

4

Rule 702 required district judges to be gatekeepers for proposed scientific evidence. *Daubert*, 509 U.S. at 589; *see also General Elec. v. Joiner*, 522 U.S. 136, 142 (1997). For scientific evidence to be admissible, the Court found, a district court must find it both relevant and reliable; it must be scientific knowledge grounded "in the methods and procedures of science" and consist of more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-90.

In 2000, Rule 702 was amended in response to *Daubert*. *United States v. Conn*, 297 F.3d 548, 555 (7th Cir. 2002). In its current form, it reads as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The defendants do not really challenge Dr. Brown's scientific and specialized knowledge.[1] Indeed, he has the credentials and experience to render a helpful opinion in the

---

[1]To the extent exhibits to the defendants' motion contains criticism of Dr. Brown's opinion that is not articulated in the motion itself, the Court has disregarded it. It is not the Court's function to construct parties' arguments for them *Spath Hayes Wheels Intern.-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). "District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits – not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994).

field of psychology, specifically, with respect to the diagnosis of dissociative amnesia.

Instead, they challenge whether the theory of dissociative amnesia is the product of reliable principles and methods and is based on sufficient facts or data. The following factors are relevant to this question:

> (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether it has been generally accepted within the relevant scientific community.

*Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 824 (7th Cir. 2010) (citing *Daubert*, at 593-94). The Court notes that disputes about the validity of a theory among the scientific community do not automatically render scientific testimony on the issue inadmissible. Where there is dispute within the scientific community about a theory, *Daubert* supports admission of testimony expressing a view within "the range where experts might reasonably differ." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (citing *Daubert*, 509 U.S. at 596).

Here, the Court notes that although dissociative amnesia has not been subject to rigorous scientific testing using the strictly controlled experiments, the gold standard of scientific research, it has been sufficiently tested by the psychiatric and psychological community using research methods generally applied in those fields of study. Indeed, those research methods have produced sufficient empirical evidence to include dissociative amnesia as a diagnosis in the DSM-IV-TR (and prior editions of the DSM), the standard of diagnostic criteria for the psychological, psychiatric and medical profession. The DSM is "the standard classification of mental disorders used by mental health professionals in the United States," and the DSM-IV-TR is the 2000 text revision to the fourth edition of the DSM, which was published in 1994. American Psychiatric Ass'n, DSM-IV-TR, http://www.psychiatry.org/practice/dsm. The inclusion of the theory in the DSM-IV-TR is strong evidence that the theory has been generally

accepted within the relevant scientific community, even if has not been completely accepted. Furthermore, dissociative amnesia has been subject to peer review and publication, and this is the source of much of the criticism leveled by the defendants and Dr. Pope.  However, as *Kumho Tire* notes, disputes about a theory do not render it *ipso facto* inadmissible where the differing views are within the range of reasonable professional differences, as they are here.  In light of all these factors, the Court finds the topic of dissociative amnesia is an appropriate subject for expert testimony.  Criticisms of the theory may be explored on cross-examination.

Additionally, there is no suggestion in the defendants' motion that Dr. Brown has not reliably applied the theory of dissociative amnesia to his examination and diagnosis of Doe.

For the foregoing reasons, the Court finds that Dr. Brown's testimony is sufficiently relevant and reliable to render it admissible at trial under Rule 702.  *See also Clark v. Edison*, No. 09-40040-FDS, 2012 WL 3063094 (D. Mass. July 25, 2012) (finding testimony regarding dissociative amnesia admissible under Rule 702).

## V.   Undue Prejudice

Under Rule 403, the Court:

> may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The defendants argue Dr. Brown's testimony is inadmissible under Rule 403 for essentially the same reasons it is inadmissible under Rule 702.  However, applying this standard and in light of its decision allowing the testimony under Rule 702, the Court finds that Dr. Brown's testimony is not too speculative or unduly prejudicial to be admissible under Rule 403. Weaknesses in the theory of dissociative amnesia may be explored on cross-examination, and

confusion or prejudice may be prevented or cured by appropriate limiting instructions.

**VI.      Conclusion**

For the foregoing reasons, the Court:

•        **DENIES** Doe's motion to strike Dr. Pope's new opinion (Doc. 110);

•        **DENIES** the defendants' motion to exclude Dr. Brown's testimony (Doc. 103); and

•        **DENIES** the defendants' motion for a hearing on their motion to exclude (Doc. 131).

**IT IS SO ORDERED.**
**DATED:  September 12, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

8