UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>FREEBURG COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 70, CLARENCE HAEGE and LAWRENCE MEGGS,<br><br>   Defendant. | Case No. 10-cv-458-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' motion to exclude the testimony of plaintiff's witness Don Koesterer pursuant to Federal Rule of Civil Procedure 37(c)(1) because plaintiff John Doe did not identify Koesterer in his Rule 26 disclosures (Doc. 102). Doe has responded to the motion (Doc. 108), and the defendants have replied to that response (Doc. 114).

### I.  Background

In this case, Doe alleges Robin Hawkins, an employee of defendant Freeburg Community Consolidated School District No. 70 ("District"), groomed or sexually abused him from 1991 to 1996 when he was in elementary school in the District. Defendant Clarence Haege was the school superintendent from 1990-94, and defendant Lawrence Meggs was the assistant superintendent from 1990-94 and the superintendent from 1994-95. Doe claims the defendants knew about Hawkins' similar conduct with other boys prior to his engagement with Doe but failed to report Hawkins to the appropriate authorities and failed to protect Doe from Hawkins. Doe filed this lawsuit in 2010, arguably beyond the statute of limitations.

Koesterer is a maintenance worker for the District who allegedly discovered in 1991

physical evidence to support allegations of sexual abuse by Hawkins and turned the evidence over to Haege at that time. Doe did not specifically disclose Koesterer or the subject of his testimony in his initial or supplemental Rule 26 disclosures or in his answers to interrogatories even though he knew about him at the time. Instead he referred to "other employees" of the District and "individuals" identified in the Illinois State Police ("ISP") reports that had been disclosed. Koesterer fits in both of these categories. Specifically, the ISP report says, "[M]aintenance worker Don Koester [*sic*] may have more knowledge about Hawkins."

The defendants want to bar Koesterer's testimony because they only learned about him and the subject of his testimony on June 5, 2012, at his deposition, which was scheduled at the plaintiff's request. The defendants' claim they will be prejudiced because they did not have Koesterer's deposition testimony to use in deposing other witnesses, obtaining experts or developing their defense. They also argue that Doe's failure to disclose Koesterer was in bad faith.

Doe counters that his disclosures were adequate and that his answers to interrogatories refer to the ISP and Freeburg Police Department ("FPD") files, both of which identify Koesterer as someone with relevant knowledge. The defendants have had the ISP and FPD files identifying Koesterer since early in this case. Doe also notes that Koesterer was mentioned numerous times in the deposition of Emil Kromat, a former janitor for the District who was supervised by Koesterer, which took place on August 30, 2011. During Kromat's deposition, defense counsel appeared to have knowledge of Koesterer in that she corrected another person's incorrect pronunciation of Koesterer's name. Doe argues that any failure to further specifically identify Koesterer and the subject of his testimony was harmless and substantially justified since the defendants already knew about him and the scope of his knowledge. He further argues the

defendants were not prejudiced by his failure to specifically reference Koesterer in his Rule 26 disclosures and would not have needed a new or different expert had Koesterer been disclosed earlier because Koesterer's testimony simply creates a factual dispute.

## II.     Analysis

Rule 26(a)(1)(A)(i) requires disclosure of the names or witnesses with discoverable information, along with the subject of that information, that a party may use to support its case. Rule 26(e)(1) requires timely supplementation or correction of those disclosures if they are incomplete or incorrect.  Witnesses who are not disclosed pursuant to Rule 26 cannot be used at trial unless the failure to disclose them was substantially justified or harmless.  *See* Fed. R. Civ. P. 37(c)(1).

Doe failed to disclose Koesterer as required by Rule 26(a) and (e).  His oblique references to other places or documents that mention Koesterer are insufficient.  Rule 26, as all rules of federal procedure, was designed "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, not to allow parties to play "hide the ball" with their discoverable evidence.

However, Doe's failure to timely disclose Koesterer was harmless.  It was possible for the defendants to discover Koesterer and the possible subject of his testimony from other evidence disclosed early in the case and long before the discovery deadline.  Furthermore, once they became aware of the actual subject of Koesterer's testimony at his June 5, 2012, deposition, they could have sought permission to depose or redepose witnesses connected to Koesterer before the June 22, 2012, discovery deadline, or at least moved for an extension of the discovery deadline to do so.  Instead, they waited until after the discovery deadline had passed and filed the instant motion.  Any prejudice the defendants suffered was their own doing.  Furthermore, the

defendants have not explained how knowing the subject of Koesterer's testimony earlier would have caused them to change their defense strategy or to seek new or different expert witnesses. Doe's failure to disclose Koesterer and the subject of his testimony was harmless.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the defendants' motion to bar the testimony of Don Koesterer (Doc. 102).

**IT IS SO ORDERED.**
**DATED:  September 12, 2012**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**